IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

                                                      Case No. 4:89cr4006-WS

 vs.

**KENNETH GASTON,**

     Defendant.

     _____/

**REPORT AND RECOMMENDATION ON MOTION TO CORRECT SENTENCE**

     Defendant filed a "Motion to Correct Illegal Sentence Pursuant to Former Rule 35(a) of Fed. R. Cr. P."  Doc. 744.  Defendant seeks application of that version of Fed.R.Crim.P. 35 which applies to offenses committed prior to November 1, 1987.  *Id.*, p. 1.  He asserts that the rule allows relief at any time and procedural default does not apply.  *Id.*, pp. 1-2.  Defendant asserts that the guidelines were invalidated by United States v. Booker, __ U.S. __, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005), and the Sentencing Reform Act, making the guidelines mandatory, was unconstitutionally applied in this case.  *Id.*, p. 2.  *See also*, Blakely v. Washington, 542 U.S. __, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348,

147 L.Ed.2d 435 (2000), and Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002).

Defendant previously sought relief pursuant to 28 U.S.C. § 2255, and his motion was denied with prejudice. Docs. 671, 680, and 683. The court rejected, *inter alia*, Defendant's claim "that since a portion of the conspiracy predated the effective date of the guidelines (November 1, 1987), application of the sentencing guidelines to his conviction violated the Ex Post Facto Clause." Doc. 671, p. 4. This was rejected because "[s]entencing under the Guidelines for conspiracies continuing after the effective date of the Guidelines is appropriate." Id. (citations omitted). Defendant did not appeal the denial of his § 2255 motion.

Defendant subsequently filed an application to authorize the filing of a second or successive § 2255 motion, which was denied by the Eleventh Circuit. Doc. 737.

At the outset, Defendant is not entitled to proceed under the old version of Rule 35, authorizing the court to "correct an illegal sentence at any time." As this was a "straddle conspiracy" (*i.e.*, beginning before but continuing beyond November 1, 1987), the version of Rule 35 for offenses committed prior to that date does not apply. United States v. Rivera, 376 F.3d 86, 91-93 (2d Cir. 2004) (finding no error in the factual determination that the conspiracy continued past November 1, 1987, so the 1988 version of Rule 35 applied).[1]

Defendant's claim regarding a new rule of constitutional law would be cognizable, if at all, by a second or successive § 2255 motion filed with authorization from the court

---

[1] The court also rejected the argument that Apprendi required a jury finding that the conspiracy continued beyond November 1, 1987, before the court could determine the applicable version of Rule 35. *Id.*, at 91.

of appeals.  The limitations on recharacterizing a document as a first § 2255 motion do not extend beyond initial filings; and do not "impl[y] that the § 2244(b) restrictions can be evaded by the simple expedient of labeling second or successive filings to be something they are not."  Gonzalez v. Secretary for Dept. Of Corrections, 366 F.3d 1253, 1277, n. 10 (11th Cir. 2004), *pet. for cert. granted in part*, __ U.S. __, 125 S.Ct. 961; *cert. denied*, __ U.S. __, 125 S.Ct. 965 (2005) (citation omitted).  See also Rivera, 376 F.3d at 92 (finding no error in determining that Rule 35 motion was properly construed as a § 2255 motion).

This court may not consider a second or successive § 2255 motion absent authorization from the Eleventh Circuit.  28 U.S.C. § 2255 and § 2244.  Authorization for filing has not been granted by the Eleventh Circuit, and it is clear under circuit precedent that authorization will be denied.  In re Anderson, 396 F.3d 1336 (11th Cir. 2005) In re Dean, 375 F.3d 1287 (11th Cir. 2004),  In re Joshua, 224 F.3d 1281 (11th Cir. 2000) (denying leave to file successive § 2255 motions raising Booker, Blakely, and Apprendi, respectively, as those cases have not been made retroactive on collateral review by the Supreme Court).  Moreover, even in the context of an initial § 2255 motion, the Eleventh Circuit has determined that Blakely and Booker do not apply retroactively on collateral review.  Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005) (finding "essentially dispositive" the opinion in Schriro v. Summerlin, 542 U.S. __, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), that Ring announced a new rule of procedure which did not apply retroactively on collateral review) (other citations omitted); McCoy v. United States, 266 F.3d 1245, 1256-58 (11th Cir. 2001), *cert. denied*, 536 U.S. 906 (2002) (Apprendi established a new procedural rule which did not apply retroactively on collateral review).

Case No. 4:89cr4006-WS

It is therefore respectfully **RECOMMENDED** that Defendant's "Motion to Correct Illegal Sentence Pursuant to Former Rule 35(a) of Fed. R. Cr. P." (doc. 744) be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on April 5, 2005.

s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:89cr4006-WS