# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

vs.                                                                         Case No. 4:89cr4006-WS

**KENNETH B. GASTON,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION ON NUNC PRO TUNC MOTION

Defendant filed a document titled "motion for nunc pro tunc correction of sentence." Doc. 768, p. 2 (as filed, page one of the document is the cover letter to the clerk).

Defendant alleges that he was found guilty of cocaine trafficking by a jury in Leon County on January 13, 1989, and had a federal detainer against him while awaiting the state trial. *Id.* He pleaded nolo contendere in the Circuit Court in Leon County to delivery of a controlled substance to a minor and possession of cocaine on March 8, 1989. *Id.*, p. 3. On the same date he was sentenced to three years imprisonment with credit for 243 days served as to both the trafficking and possession charges, and three

years with credit for 135 days served on the other charge, all to run concurrently with each other and any federal prison sentence he might receive.  *Id.*

Defendant alleges that he was taken into federal custody after his state sentencing, found guilty in this case on September 15, and sentenced on December 27, 1989.  *Id.*, p. 3.

According to this court's docket and file,[1] Defendant was originally indicted on January 6, 1989; a superseding indictment was entered on March 2, 1989, and second superseding indictment was entered on April 6, 1989.  Docs. 5, 24, and 89.  Following the superseding indictment an order was entered requiring Defendant to either file written plea papers by March 10, or appear in court on March 13, 1989.  Doc. 30.

A warrant was executed on March 9, 1989, and the first appearance held the next day.  Docs. 33 and 39.  After the first appearance, Defendant was detained in federal pretrial custody by stipulation.  Doc. 39, p. 5.  A guilty verdict was returned on September 15, 1989.  Doc. 314.  Sentencing was held on December 27, and judgment entered on the docket on December 28, 1989.  Docs. 379 and 381.

Defendant complains that it was determined that he could not receive credit toward his federal sentence as long as his state sentence was still running, regardless of the state court's order that its sentence be served concurrently with any federal sentence.  He claims he has sought relief over the past 18 years, and that all of his time was served in federal prison.

---

[1] Given the age of the case, this portion of the docket is on the old paper docket form, rather than the electronic docket.  The file itself has not been sent to federal archives.

For relief, Defendant asks for an amended judgment:

showing the <u>24 months</u> not being credited for serving his concurrent state sentence at a Federal Prison, not in the state – be <u>credited</u> and that his jail credit from <u>March 8th, 1989 till September 4th, 1990</u> be also credited since he was <u>continually</u> in <u>Federal Custody</u> and never in state custody during the imposition of this instant sentence.

*Id.*, p. 8.

Contrary to the claim that he was never in state custody, Defendant alleges that in February or March of 1990, he was transported from federal to state custody to serve his state sentence, then returned to federal custody in August or September of 1990, when it was determined he could not be received into state custody since he had already started the federal sentence.   Doc. 768, pp. 4-5.

It seems unlikely that Defendant's federal sentence was not credited for the time he was in *federal* custody, at least after the federal sentence was imposed.  The Bureau of Prisons (BOP) does not take a prisoner into custody to serve the rest of a state sentence before serving a federal sentence.  A prisoner generally serves his state sentence in state custody and then is received into federal custody.

Commencement of a federal sentence and presentence credit are governed by 18 U.S.C. § 3585, which provides:

   (a)  Commencement of sentence.– A sentence to a term of
imprisonment commences on the date the defendant is received in
custody awaiting transportation to, or arrives voluntarily to commence
service of sentence at, the official detention facility at which the sentence
is to be served.

   (b) Credit for prior custody.– A defendant shall be given credit toward
the service of a term of imprisonment for any time he has spent in official
detention prior to the date the sentence commences–

> (1) as a result of the offense for which the sentence was
> imposed; or
>
> (2) as a result of any other charge for which the defendant
> was arrested after the commission of the offense for which
> the sentence was imposed;
>
> *that has not been credited against another sentence.*

(Emphasis added).

The Attorney General through the BOP, not the sentencing court, computes credit under § 3585(b), and judicial review is available only after exhaustion of administrative remedies.  United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005) (citation omitted).  A 28 U.S.C. § 2241 petition for writ of habeas corpus seeking credit on this basis is brought after exhaustion of remedies, and "[e]xhaustion of administrative remedies is jurisdictional."  *Id.*, (citations omitted).  *See also* Winck v. England, 327 F.3d 1296, 1300, n. 1 (11th Cir. 2003) (exhaustion is jurisdictional, collecting cases).

It is not clear whether Defendant has fully exhausted the BOP administrative remedy process.  Even if he had, this court would lack jurisdiction to consider a § 2241 petition as Defendant is in federal custody in Georgia.  Rumsfeld v. Padilla, 542 U.S. 426, 442-444, 124 S.Ct. 2711, 2722-23, 159 L.Ed.2d 513 (2004).

A common situation presented to this court – which does not appear to be the situation here – is where a state sentence is made concurrent to a federal sentence, but the sentences are not served concurrently because the prisoner was not immediately taken into federal custody after imposition of the federal sentence, and his federal sentence, as a consequence, did not commence under § 3585(a).  In such a case the BOP has discretion to designate a state facility as the "official detention facility" for a

federal sentence under § 3621(b).  *See also* BOP Policy Statement § 5160.05 (2003) (formerly § 5160.04) ("designation of state institution for service of federal sentence"). This can be done nunc pro tunc, to award credit for time served before the designation. An inmate request for pre-sentence credit against a federal sentence for time spent serving a state sentence is considered by the BOP as a request for nunc pro tunc designation.  § 5160.05(9)(b)(4) (2003) (referencing Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990).$^2$  In determining whether a nunc pro tunc designation is appropriate, the BOP sends a letter to the federal sentencing court asking if it has objections to the designation.  § 5160.05(9)(b)(4)(c).

A nunc pro tunc designation, if available at all, would only help this Defendant for the time spent in state custody or serving his state sentence *prior to* imposition of his federal sentence.$^3$  In any event, Defendant has not provided any information regarding exhaustion of BOP remedies, and the BOP has not asked the court if it has objections to a nunc pro tunc designation.  Aside from responding to the BOP's request to the sentencing court (if ever a request is made), this court has no authority to review the calculation of credit by the BOP.  That claim should be made by § 2241 petition, filed in the district of confinement after exhaustion of administrative remedies.

---

$^2$ The court in Barden found that the BOP has authority to make a nunc pro tunc designation of a state facility as the place for service of a federal sentence, so that time in state custody would count toward the federal sentence.  921 F.2d 476, 478 (3d Cir. 1990).  *See also* United States v. Pineyro, 112 F.3d 43, 45 (2d Cir. 1997) (treating motion as a request that the court recommend a nunc pro tunc designation to the BOP).

$^3$ Whether Defendant was returned to state custody or remained in federal custody after his first appearance on March 3, 1989, he was presumably receiving credit against his state sentence for purposes of § 3585(b).

Defendant's federal sentence was imposed after the state court imposed sentence, and this court did not direct that the sentences be concurrent.  Terms of imprisonment imposed at different times are considered to run consecutively unless the court orders them to run concurrently.  18 U.S.C. § 3584(a).

It is therefore **RECOMMENDED** that Defendant's nunc pro tunc motion, doc. 768, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 2, 2007.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**